May Term,
1829.

Smith
v.
Smith.

action at law. The demurrer to the bill was correctly sustained.

*Per Curiam.*—The decree is affirmed with costs.

*Rariden*, for the plaintiff.

*Caswell*, for the defendant.

---

### Smith, Administrator, *v.* Smith and Others.

A complainant in chancery may, on payment of costs, dismiss his bill at any time before a final hearing, provided he be not in contempt.

The complainant's mere failure to comply with an interlocutory order of the Court, does not of itself so place him in contempt, as to prevent him from dismissing his bill on payment of costs.

Monday,
May 11.

ERROR to the *Ripley* Circuit Court.

Holman, J.—The complainant, as administrator of *Samuel Smith*, deceased, filed his bill in chancery, in the *Ripley* Circuit Court, for relief against a settlement of his accounts as administrator, in the Probate Court. The bill admitted the sum of 476 dollars and 36 cents to be due to the heirs of the deceased. The answers claimed more than was adjudged to be due by the Probate Court; and called upon the complainant to answer interrogatories, &c. The Circuit Court made an order that the complainant should, on a certain day, pay into the hands of the clerk of that Court the amount admitted by the bill to be due. With this order the complainant failed to comply. He also failed to answer the interrogatories of the defendants, and they were taken as confessed. The complainant then moved for leave to dismiss his bill; which leave the Circuit Court refused, because the complainant was in contempt for not obeying the aforesaid order of the Court, and proceeded to enter up a final decree against him.

It is a general rule that a complainant may, upon payment of costs, dismiss his bill at any stage of the proceedings before a final hearing. 1 Newl. Ch. Pr. 177. Agreeably to *Carrington* v. *Holly*, Dick. 280, although a cause is brought to a hearing and an issue directed, until that issue is tried and there has been a determination, let the cause be in what stage it may, the complainant may, upon motion, dismiss his bill upon

payment of costs. There is, however, another rule of chancery practice equally general, viz. that when a party is in contempt, he cannot be heard until he clears his contempt. But we do not consider, that the complainant's non-compliance with the order of the Circuit Court, did of itself fix him in contempt, in the technical sense of that term. It was certainly a ground on which the Court might have adjudged him to be in contempt, if no explanation was offered by him; but standing as it does in this case, without any adjudication upon it, it cannot be considered as such a contempt as precludes him from being heard in the case. And if he had a right to be heard at all, he had a right to dismiss his bill on payment of costs. The Court, however, had a right to require the costs to be paid or secured before the leave was given.

*Per Curiam.*—The decree is reversed. Cause remanded, &c.

*Stevens,* for the plaintiff.
*Dunn,* for the defendants.