1841.

Sea Ins. Co.
v.
Day.

---

THE SEA INSURANCE COMPANY *vs.* DAY and others.

Leave to file a replication to an answer, after the time limited by the rules has expired, will not be granted unless the court is satisfied that injustice will be done by compelling the complainant to bring his cause to a hearing upon bill and answer.

Where the complainant is not in contempt, he may, in any stage of the proceedings, before a decree or decretal order has been made affecting the rights of the parties, dismiss his bill upon payment of costs. And such a dismissal is no bar to another suit for the same cause.

THIS was an application on the part of the receivers of the Sea Insurance Company, who were proceeding in this suit as authorized by the statute in the name of the corporation, for leave to file a replication to the answer of D. M. Day, the original defendant. The bill was filed by the Sea Insurance Company to foreclose a mortgage given by Day and wife to the corporation. To that bill Day put in an answer, in May 1838, setting up the defence of usury ; which answer, however, was put in without oath. The complainants' solicitor neglected to file a replication for

August 17.

about thirteen months after the receipt of the answer; at which time the solicitor of Day refused to receive the replication, on account of the delay which had taken place. Day died shortly afterwards, and the complainants' solicitor also died. The receivers thereupon employed a new solicitor and proceeded and revived the suit against the widow and heirs of Day. They then applied for leave to file a replication to the answer of the original defendant.

*E. H. Kimball*, for the complainants.

*S. J. Cowen*, for the defendants.

THE CHANCELLOR. It is evident from the papers in this cause that the replication was omitted to be filed by the gross negligence of the complainants' solicitor, in violation of his duty to his clients; who, by his death, have now no remedy against him. It is not a matter of course, however, to permit the filing of a replication after the expiration of the time limited by the rules of the court for that purpose. But the court must be satisfied there is a probability that injustice will be done if the complainant is compelled to bring his cause to a hearing upon bill and answer. (*Kane* v. *Van Vranken*, 5 *Paige's Rep.* 63.) Where an answer is put in upon oath, denying any material allegation in the bill, the complainant must show that the bill was verified by oath; or he must state, in his affidavit in support of his application, that he believes and expects to be able to prove that the allegations, denied or put in issue by the answer, are true in point of fact. And if new matters are set up in a sworn answer, as a defence to the suit, the complainant should state upon oath, that the matters thus set up in the answer, or some material parts thereof, are not in fact true; or at least that he believes them to be untruly stated. In the present case, therefore, if it had appeared that the answer of Day the original defendant was verified by oath, I should have required the affidavit of the officer or agent of the corporation, by whom the mortgage

was taken, contradicting the allegation of usury contained in such answer.

In this case, however, it does not appear that the answer was on oath ; and in the present situation of the cause, even if the answer was sworn to, the complainants would have the legal right to dismiss their bill, upon payment of costs, and to commence de novo. For it is a settled rule of this court that the complainant may dismiss his bill, upon payment of costs, in any stage of the proceedings before a decree or decretal order has been made affecting the rights of the parties, if he is not in contempt. And such a dismissal is no bar to another suit for the same cause. (*Carrington* v. *Holley*, 1 *Dickens*, 280. 2 *Daniels' Ch. Prac.* 175, 355. *Smith, adm.* v. *Smith*, 2 *Blackf. Rep.* 232.) There does not, therefore, appear to be any good reason for refusing this application, and turning the complainants around to file a new bill, when there is nothing to induce the court to suppose the justice of the case is with the defendants.

The application for leave to file a replication is granted, upon payment of the costs of opposing this motion ; which are fixed at ten dollars.