## Rynear and Wife *v.* Neilin.

On the return of a procedendo from the supreme court, in which a petition in chancery was declared to be without equity; held, that the district court did not err in granting complainant's motion to dismiss his petition without prejudice.

### *Appeal from Johnson District Court.*

*Opinion by* Greene, J.   Jonathan Rynear and wife instituted an action of trespass, *quare clausum fregit*, against Patrick Neilin.  Neilin thereupon filed his petition for an injunction to stay proceedings in the trespass suit, and to have a deed of conveyance, given by him to B. S. Rawling, under whom Rynear claimed, canceled and made void.  The action at law and the proceedings in chancery were consolidated, and the court below decided that the deed from Neilin, under which the Rynears claimed, should be canceled and held for naught, and that the land should, by the decree, be restored to Neilin in fee simple. The case was taken to the supreme court by Rynear and wife, and the decree reversed.  This court decided, that Neilin's petition did not present such a case as entitled him to relief in equity. [a]

On return of the case by *procedendo* to the court below, Neilin moved that his petition might be dismissed without prejudice.  This motion was granted.  Rynear and wife appealed, and claim that the court erred in granting the motion.

As the cause was returned to the district court for a trial *de novo*, in accordance with the decision of the supreme court, and as that court decided that there was no equity in complainant's bill, we think the motion to dismiss was correctly granted.  The opinion of this court effectually disposed of the petition.  It contained no equity, and con-

(a) See *Rynear* v. *Neilin*, 3 G. Greene, 310.

sequently there was no further service for it in a court of chancery. Neilin was not called upon to submit to the costs of a new trial, so long as that new trial could avail him nothing. The Rynears had no cause to complain, if Neilin was so far defeated in the supreme court as to be disabled from proceeding further against them. Complainant had a right to do that voluntarily, which the respondents were striving to force upon him. They had no reason to complain if he concluded to discontinue proceedings against them.

A complainant, at any time before an interlocutory or final decree in the cause, has a right to have his bill or petition dismissed upon payment of costs. 8 Paige, Ch. R., 79; 9 ib., 245; 8 Ham., 214; 2 Blackf., 232; 3 Scam., 370.

This practice is also sanctioned by the Code, §§ 1801 to 1805.

But it is said, the court went too far in granting this motion *without prejudice.* In this we see no violation of a sound legal discretion. This practice is common, and often necessary to subserve the ends of justice.

Judgment affirmed.

*Smith, McKinlay* and *Poor,* for appellants.

*Cook* and *Dillon,* for appellee.