JAMES PORTER *v.* JIRAH VAUGHN AND REUBEN R. THRALL.

[IN CHANCERY.]

*Effect of Decree of dismissal, when orator fails to appear and further prosecute. Disaffirmance of contract to convey, and resuming possession of premises; its effect on the note given for the premises, &c.*

Where a bill in chancery is dismissed with costs, for the want of an appearance and prosecution by the orator, and not on its merits, the decree dismissing the bill will not operate as a bar to a suit founded upon the same matters, but under such circumstances, the dismissal of the bill will be the same as a non-suit at law.

Where A. executes his note to B., for a given sum payable at a future day with interest annually, and for this note B. agrees in writing, if the same is paid when due, to convey the premises, for which the note was given, and A. goes into possession of the premises, under a lease, therein agreeing to pay a stipulated rent, if the note is not paid when it falls due according to its tenor, and A. continues in possession under the contract and lease, and the note is not paid when due; if B. then elects to treat the contract as abandoned, and instead of enforcing the payment of the note, resumes the possession of the premises, and permits A. to remain under a lease, in which he reserves rent to himself, thus establishing the relation of landlord and tenant between himself and A., and

this by their mutual arrangement; it will operate as a disaffirmance of the contract on the part of B., and a resumption of the premises in his own right, and the note must be regarded and treated as paid when B. thus takes possession of the premises as his own; and after this B. can no more enforce the collection of the note against A., than if he had brought ejectment to recover possession of the premises, upon the neglect of A. to pay the note as stipulated, and had obtained possession of the premises thereby.

Nor can B., after thus resuming the possession of the premises,and reserving rent to himself, enforce the collection of interest on such note.

APPEAL from the court of chancery.

The facts, upon which the principal questions arising in this case were decided, sufficiently appear in the opinion of the court.

*S. H. Hodges* for orator.

*P. T. Washburn* for defendants.

The opinion of the court was delivered by

ISHAM, J. The former decree in chancery, which is relied upon as a bar to this suit, was in many, if not in all essential respects, founded upon the same matters which are embraced in this. Whether the same relief could have been obtained in that case, as under this bill, we are not called upon to determine, as we are satisfied, that in any event, the decree in that case is no bar to this prosecution. From the record of that case, it appears, that testimony had been taken, and the case set down for hearing, and when called for trial, the plaintiff declined to have the case heard, or to proceed in the further prosecution of it; and thereupon the case was dismissed by the chancellor, with costs. That decree was not intended as a dismissal of the bill on its merits; as is evident from the fact, that the original decree was amended by the chancellor, and the amendment sustained by this court in the 22d Vt. 269, so as to rebut such a conclusion even by implication. We are to regard that decree, therefore, as containing on its face, the order that the bill be dismissed with costs, *for the want of an appearance and prosecution by the orator.* Under such circumstances, the dismissal of a bill will be the same as a non-suit at law, and will be no bar to a subsequent bill for the same matter. In Welford's Eq. Plea. 356, it is said " that an order for dismission is no bar, unless

" it *determines* that the plaintiff is not entitled to the relief sought; " therefore, an order *dismissing the bill for want of prosecution is no* " *bar.*" The same rule, and in the same language, is given in Mitf. Plea. 196. In *Brandyne* v. *Ord,* 1 Atk. R. 571, Ld. HARDWICK ruled, " that where the defendant pleaded a former suit, that the " court implied there was no title when they dismissed the bill, is " not sufficient, they must show it was *res judicata* or *absolute de-* "*termination* in the court that the plaintiff had no title." The case of *Byrne* v. *Fryer,* 2 Molloy 157. 12 Eng. Cond. Ch. R. 403, was decided in the Irish court of chancery, and it seems to have been there considered, that a dismission of a bill after publication passed, was not a dismission for want of prosecution, and. that such a decree, made in that stage of the case, was equivalent to an adjudication of the case on its merits. But in the case of *Curtis* v. *Lloyd,* 4 Myline & Craig. 194. 18 Eng. Cond. Ch. R. 194, which was decided in the English court of chancery, about ten years after that of *Byrne* v. *Fryer,* Ld. COTTENHAM, chancellor ruled, that after publication, and after the case had been set down and called for hearing, the common order for dismissing the bill would be granted. In such cases, the order is the same as a non-suit at law, and will be no bar to a subsequent bill for the same matter. The chancellor also recognized and confirmed the decision of Lord HARDWICK in the case of *Carrington* v. *Halley,* 1 Dickins 280, where it was held, " that even after a decree direct- " ing an issue, the plaintiff might still move to dismiss his bill, for " until the issue had been tried there was no determination." The rule, we apprehend is this, that a *defendant* cannot move to dismiss a bill after publication is completely past. *Skip* v. *Warna,* 3 Atk. 558. 2 Daniels' Ch. Pr. 355. But a *plaintiff* may in any stage of the cause apply to dismiss his bill upon payment of costs, even after issue has been formed or directed; but not after a decree. 2 Madd. Ch. 389, *Lock* v. *Nash,* note (y.) The same doctrine is sustained in this country. In the case of *Rope* v. *Rust,* 4 Johns. Ch. 300, Chancellor KENT ruled, " that where a cause " was set down for hearing on bill and answer, and the bill was dis- " missed with costs, *because no one appeared to prosecute,* and the " decree of dismissal was duly enrolled, that the decree was no " bar to a subsequent bill for the same matter." In the case of *Sea Insurance Co.* v. *Day,* 9 Paige 247, the chancellor remarked,

" that it was a settled rule of the court, that the complainant may " dismiss his bill upon payment of costs, in any stage of the pro- " ceedings, before a decree has been made affecting the rights of " others." In 3 Phil. Evid. notes by Cowen & Hill 916, it is said, " that the general dismissal of a bill may be pleaded in bar to a " subsequent bill for relief on the same subject matter; but mere " dismission, however, *for want of prosecution*, is no more than a " non-suit at law."

The order of dismissal in this case as amended, is as follows : " the said cause being called to be heard on its merits, the solicitor for the orator appeared and declined a hearing of said cause, and the said court thereupon did order and decree that said bill be dismissed." It appears, therefore, on the face of the decree, that the decree of dismissal was made, for the want of prosecution ; and from the authorities, we are satisfied, that its effect is simply that of a non-suit at law, and is no bar to the prosecution of this bill, even if it is brought for the same matter.

In the investigation of the merits of this case, it is proper to observe, that at a former hearing in this court, the decree of the chancellor was in all respects affirmed, except as to the note of $600, given on the 16th of March, 1838, by James and Jirah Vaughn, to Mr. Thrall, payable on the 1st of April, 1839, with annual interest. A re-hearing on that matter was then ordered, to which, alone, our present investigation is to be confined. The validity of the assignment by Mr. Vaughn to Mr. Thrall of his claim against Dr. Porter, arising out of the purchase of " Vaughn's Patent Balance," as well as the existence of a lien on that assignment and claim, for the amount due Mr. Thrall, from Mr. Vaughn, on the 29th of March, 1838, must be considered as settled by the decision of this court at that hearing. The chancellor allowed the sum of $1,127,66, as being the balance due Mr. Thrall from Mr. Vaughn at that time, including interest to the time of making the report. In that amount was included the above mentioned note of $600 and the interest. Whether that note and interest, was properly allowed, is the question in the case.

We have no doubt, that the settlement between Dr. Porter and Mr. Vaughn, on the 29th of March, 1838, was intended to be, and was in fact, a full settlement of all matters arising out of the purchase and sale of that Patent Balance. The disputable character

of that claim, and the payment of $350, by Dr. Porter, to Mr. Vaughn, was a sufficient consideration, to render effectual his discharge of that contract, and of the suit then pending upon it. That is the effect of the discharge as between them; though it is different as against Mr. Thrall, as he had obtained a previous assignment of the claim, of which Dr. Porter had notice. After that discharge was given, however, it was the duty of Mr. Vaughn to obtain that claim against Dr. Porter, and surrender it to him, as having been paid and satisfied in that discharge. As between them, it was the debt of Mr. Vaughn to pay to Mr. Thrall. Whatever sum Dr. Porter is compelled to pay, in discharge of the lien of Mr. Thrall on that claim, will be a payment by him, standing in the light of a surety for Mr. Vaughn. He would have a claim against Mr. Vaughn for the amount so paid, and would be entitled by subrogation to all the securities in the hands of Mr. Thrall for the payment of that amount. *Wilkes* v. *Harper*, 2 Barb. Ch. R. 353.

The note, which was allowed by the master, was given before the settlement between Dr. Porter and Mr. Vaughn, and under their contract, Mr. Thrall has a lien upon the claim against Dr. Porter, for its payment; and this lien still subsists, unless it has been removed by facts which appear in the report of the master as well as in the several answers of the defendants.

This note of $600, was executed on the 16th of March, 1838, by Jirah and James Vaughn, and payable to Mr. Thrall on the 1st of April, 1839, with annual interest after it fell due. For this note, Mr. Thrall agreed in writing, *if the same was paid when due*, to convey to Jirah and James Vaughn, the shop and premises for which it was given. The Vaughns went into the immediate possession of the premises under a lease, therein agreeing to pay fifty dollars, per year as rent, if the note was not paid according to its tenor. These facts are distinctly stated in the answers of Mr. Thrall, and Mr. Vaughn, and are so found and stated in the report of the master. Mr. Thrall also further states, that the note was not paid, or any part of it, and that *since the 1st of April*, 1839, when the note fell due, and interest commenced running on the same, the *Vaughns have continued in the use and possession of the premises under that contract and lease.* Upon these facts, we think the note and the interest upon it, should not have been allowed by

the master, or the decree of the chancellor. When this note was executed, the Vaughns went into the possession of these premises under a contract of purchase; they paid no rent for the same until after the note fell due, nor were they to pay interest. When the note fell due, Mr. Thrall was at liberty to adopt either of two courses. He could have treated the contract as still subsisting, and have enforced payment of the note; or have treated the non-payment of the note as an abandonment of the contract, and thereafter disaffirm any obligation on his part, to transfer the premises, or receive payment on the note. In this matter, his election has been made. He has treated the contract as abandoned; instead of enforcing the payment of the note, he has resumed the possession of the premises, permitting the Vaughns to remain in possession, not under their contract of purchase, but under a lease, in which rent is reserved to himself. From the time the lease took effect, after the note fell due, the relation of landlord and tenants existed between them. If Mr. Thrall, had brought ejectment to recover the possession of the premises, for their neglect to pay the note as stipulated, and had obtained possession of the premises thereby, no one would contend that payment of the note could afterwards have been enforced against the Vaughns. The same result has been produced in this case, by the mutual arrangement of the parties. The Vaughns have abandoned their possession under their contract of purchase, and have acknowledged the right and title of Mr. Thrall, as the owner of the premises, and themselves as his tenants. This must be deemed a disaffirmance of the contract on the part of Mr. Thrall, and a resumption of the premises in his own right; as much so, as if possession had been taken, after ejectment brought.

Under these circumstances, the case falls within the principle decided in the case of *Arbuncle* v. *Hawks*, 20 Vt. 538, in which the court observed, " That if the defendant chose to pursue the " plaintiff for the price of the land, he should have done that; but " when he takes possession of the land as owner, all claim upon " the note is gone, and a contract once rescinded, cannot be restor- " ed, except by consent of both parties." The note, therefore, should not have been allowed as a subsisting claim, for the payment of which Mr. Thrall has a lien on the claim assigned to him

against Dr. Porter. The note must be treated as paid, by Mr. Thrall's taking possession of the premises as owner.

The interest on the note, for other reasons also, should not have been allowed. If Mr. Thrall, after resuming the possession of the premises, is permitted to receive the rent, and also to collect the interest on this note, he will thereby obtain nearly twice the estimated annual value of the premises. If the note had not been satisfied by that arrangement, it is obvious, that Mr. Thrall's possession of the premises, and the reservation of rent to himself should at least have cancelled the interest.

The decree of the chancellor is erroneous, in directing a conveyance of these premises by Mr. Thrall, to Dr. Porter, *on his payment of that note.* Such should have been decreed, under those circumstances, if all the persons in interest, had been made parties to this bill. The $600 note was executed by Jirah and James Vaughn, and the contract of Mr. Thrall was to convey the premises to them. James Vaughn has an equal interest with Jirah Vaughn in that contract; and as James Vaughn is not a party to this bill, no decree of that character could be made. The difficulty, that might otherwise exist in making a final decree in the case, is removed by the disallowance of the note and interest, from the report of the master.

The decree of the chancellor must be reversed, and the case remanded, for the purpose of deducting the amount of the $600 note, and the interest which was allowed thereon, from the amount allowed and found due to Mr. Thrall. In other respects, the decree of the chancellor is affirmed.