[No. 297. Decided November 16, 1891.]

DAVID SOMERVILLE, *Appellant*, v. ANNA JOHNSON, DAN-
IEL JOHNSON, IVIE ANDREW JOHNSON, AND D. W.
McDONALD, *Guardian*, *Respondents*.

PRACTICE—DISMISSAL BY PLAINTIFF—COSTS.

The right of the complainant, in equitable actions, to dismiss
his suit at any time before final decree, upon the payment of costs,
has not been taken away by the provisions of §§ 286, 287, Code 1881,
but remains as at common law.

Upon the reversal of an order of the lower court denying plaint-
iff's motion to dismiss his action, there being no appearance or re-
sistance on the part of defendants either to the action or the appeal,
it is inequitable to impose costs upon defendants.

Where a court gives an intimation of its judgment, but not by the
announcement of any finding, plaintiff's right to dismiss, in an equit-
able action, should not thereby be cut off.

*Appeal from Superior Court, Lewis County.*

The facts in this case are stated in the opinion.

*Applegate & Titlow*, for appellant.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by appellant to quiet
title. He alleged that the defendants Daniel Johnson,
Belle Johnson and Ivie Andrew Johnson were minor heirs
of one William Johnson, deceased, and that they claimed
an estate or interest in the lands described in the complaint.
D. W. McDonald, as guardian, and Anna Johnson, widow
of said William Johnson, were also made parties, but it
was not alleged that said widow claimed any interest in
the lands.   None of the defendants appeared, and the court
appointed one George W. Rowan guardian *ad litem* for
said minors, who appeared and answered for them, but did
not ask for any affirmative relief.   The plaintiff offered

proof and rested his case, and the same was taken under advisement by the court. Some days before the rendition of the judgment the plaintiff moved to dismiss his action, which the court refused to permit him to do. The following extract, taken from the statement of facts, gives the court's grounds for his action in the premises:

"Said cause came on for hearing March 29, 1891, and was heard, plaintiff being represented by M. Yoder, counsel, there being no appearance for defendants. Plaintiff's counsel stated the case, read the pleadings and the complete record of the probate court and his deeds, and rested. Cause taken under advisement. On opening of court next day after intimation of court's finding made to plaintiff's attorney, said attorney moved to dismiss at plaintiff's costs, which motion the court refused for the reason that the infant defendants by their answer had applied to the court to protect their interests. Thereupon plaintiff's counsel read an affidavit for continuance upon the ground of absent witnesses who had not been subpœnaed. The court overruled said motion for the reason that the cause had already been submitted, and that if such evidence were produced it would not be received or entertained as material, plaintiff's case being founded entirely upon record and proceedings had in probate court and the various mesne conveyances through which he claimed; to all which action of the court plaintiff excepted, and his exceptions were allowed."

Subsequently the court rendered judgment against the appellant, and in the decree further adjudged that said minors were the owners of, and entitled to, one-half of the lands in controversy.

Secs. 286 and 287 of the Code of 1881, relating to dismissals, are as follows:

"SEC. 286. An action may be dismissed, or a judgment of non-suit entered in the following cases: (1) By the plaintiff himself at any time, either in term time or in vacation, before the jury retire to consider their verdict, unless set-off be interposed as a defense, or unless the de-

fendant sets up a counter claim to the specific property or thing which is the subject-matter of the action. (2) By either party, upon the written consent of the other. (3) By the court, when the plaintiff fails to appear on trial, and the defendant appears and asks for a dismissal. (4) By the court, when upon the trial and before the final submission of case, the plaintiff abandons it. (5) By the court, on the refusal or neglect of the plaintiff to make the necessary parties, after having been ordered by the court. (6) By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence. (7) By the court, for disobedience of the plaintiff to an order concerning the proceedings in the action. (8) By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient cause for the jury.

"Sec. 287. In every case other than those mentioned in the last section, the judgment shall be rendered on the merits."

We had no statutory provisions regulating the right of dismissal in equitable actions by the voluntary act of the party when this cause was tried, and therefore the right existed as at the common law, unless it was taken away by the above sections. Sec. 286 provides in what instances an action may be dismissed by the plaintiff, by both parties, or by the court, but it contains no provision applicable to the facts of this case, and if the right of a party to dismiss his action is taken away by § 287, except as provided for in § 286, then the plaintiff in an action like this, after he had once commenced it, could at no time dismiss it. It cannot be supposed that such an effect was intended, and we think that the right to dismiss an action like the present one is not affected by those actions, and that we must look to the common law for the rule in such cases, which allows the complainant at any time before final decree, upon payment of costs, to dismiss his bill. See Thompson on Trials, § 2234; *Doughty v. Elliott*, 8

Blackf. 406; *Smith v. Smith*, 2 Blackf. 232; *Watt v. Craw-ford*, 11 Paige Ch. 470; *Sea Ins. Co. v. Day*, 9 Paige Ch. 247. In what way the court intimated as to how it was going to find is not shown, but . it is clear that it was not by the announcement of any finding, and it should not be given the effect thereof to cut off the plaintiff's right to dismiss when it would be ineffectual for any other purpose. See *Burns v. Reigelsberger*, 70 Ind. 522. It is evident that the plaintiff desired to submit further proof in this case, which for some reason he had not previously offered, and when the court denied him a continuance for that purpose, it should have allowed him to take a non-suit.

As the defendants have at no time appeared or resisted the plaintiff in any way, we think under the circumstances that it would be inequitable to impose any costs upon them. The plaintiff having brought this matter into court, and taking it therefrom at his own motion, without any interference by the defendants, he should be held to pay all the costs, and it is so ordered.

Judgment reversed, and cause remanded with instructions to the lower court to dismiss the same, upon payment of costs by plaintiff.

ANDERS, C. J., and HOYT, DUNBAR and STILES, JJ., concur.