[No. 7096. Decided March 12, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Sofia Malvina Korsstrom, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

APPEAL—FINALITY OF JUDGMENT—REFUSAL TO DISMISS. An order refusing a voluntary dismissal of an action is not appealable as a final order, but may be reviewed on appeal from the final judgment.

PROHIBITION—REMEDY BY APPEAL. Prohibition does not lie to prevent the trial of a cause after erroneously refusing to grant a voluntary dismissal; since there is an adequate remedy by appeal.

Application filed in the supreme court November 16, 1907, for a writ of prohibition to restrain the superior court for King county, Albertson, J., from further proceeding with the trial of a cause after denying a motion to dismiss the same. Writ denied.

*W. E. Crews, W. H. Bard,* and *James E. Fenton,* for relator.

*Chas. E. Patterson,* for respondent.

[1]Reported in 94 Pac. 472.

Mount, J.—This is an application for a writ to prohibit the respondent judge from proceeding with the trial of a case. It appears that the relator brought an action in the lower court, alleging ownership of certain real and personal property by reason of being the only heir at law of a deceased brother. The complaint prayed for the possession of the property, and also for a decree adjudging a certain will and all proceedings thereunder to be void. Numerous parties, to whom property had been sold by the executors under the will, were made parties defendant in the action. The executors of the will of the deceased brother of relator appeared and answered the complaint, admitting certain allegations of the complaint and denying all the others, and also alleged several affirmative defenses. Thereupon the relator moved the court for a voluntary dismissal of the action as to all the defendants who had not appeared. An order to that effect was entered by the court. Thereupon the plaintiff, relator here, moved for a dismissal of the action as to the defendants who had answered. This motion was heard by the court and denied. Thereupon the plaintiff filed with the clerk of the court a dismissal and voluntary nonsuit of the action. The judge afterwards, upon motion of the defendants, was about to set the cause for trial upon the issues made. This application is to prohibit the court from proceeding with the trial of the cause.

It is clear that the order refusing to dismiss the case is not a final order. *State ex rel. Smith v. Superior Court*, 47 Wash. 508, 92 Pac. 349. It is also clear that the refusal of the court to dismiss the case may be reviewed upon appeal from the final judgment when entered. *Washington Nat. Bldg. etc. Ass'n v. Saunders*, 24 Wash. 321, 64 Pac. 546; *Gray v. Granger*, ante p. 442, 93 Pac. 912.

In the case of *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 877, 111 Am. St. 925, we held that the writ of prohibition does not lie to prevent the trial court from proceeding to try a case, although it may be without juris-

diction, because in such cases the party aggrieved has an adequate remedy by appeal; and we also held in the same case that the adequacy of the remedy by appeal is the true test in all cases. We also there held that the delay or expense incident to the appeal does not affect the adequacy of the remedy. There is nothing in this application to take the case out of the rules stated in the cases above referred to.

The writ must therefore be denied.

HADLEY, C. J., CROW, and FULLERTON, JJ., concur.