[No. 16358.    Department Two.    April 12, 1921.]

THE STATE OF WASHINGTON, *on the Relation of W. H. McClaskey, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

DISMISSAL AND NONSUIT (5)—VOLUNTARY—AFFIRMATIVE RELIEF BY DEFENDANT. A plaintiff cannot voluntarily dismiss an action for a divorce after his wife has appeared and asked affirmative relief for suit money and attorney's fees.

PROHIBITION (4, 21) — REMEDY BY APPEAL — GROUNDS FOR RELIEF— JURISDICTION. Where the superior court acquires jurisdiction of a divorce action and is not divested by proper process authorized by statute, prohibition will not lie to restrain the unlawful exercise of jurisdiction, since the injured party has an adequate remedy by appeal.

Application filed in the supreme court March 4, 1921, for a writ of prohibition to prevent the superior court for King county, Frater, J., from proceeding with a divorce action.   Denied.

*Edward H. Wright,* for relator.

*Flick & Paul,* for respondents.

HOLCOMB, J.—The relator applies for a writ of prohibition to prohibit the respondent superior court from proceeding with a certain case therein, numbered 145089, brought in that court by the relator against the respondent Marian McClaskey and particularly from further enforcing a certain order made in that cause, upon the ground that that action had been dismissed, and in consequence respondent superior court has no jurisdiction in the premises.

The action was for divorce, commenced on August 16, 1920, by the filing and service of summons and complaint. Defendant first appeared in that action on September 7, 1920, by serving a certain motion, which was

[1]Reported in 197 Pac. 30.

afterwards abandoned and never filed. On November 16, 1920, defendant made application for suit money and attorney's fees, and obtained an order to show cause therein returnable November 26, 1920, at 9:30 o'clock in the forenoon. On the return day of the show cause order, at 9:05 o'clock in the forenoon, plaintiff's attorney in that action served upon the attorney for defendant notice in writing signed by plaintiff's attorney, entitled in the cause, addressed to the defendant and her attorney, as follows:

"Please take notice that the above named plaintiff has elected to and does hereby dismiss the above entitled action."

This notice was immediately filed with the clerk, together with proper proof and admission of service.

Upon the opening of court in the department to which the show cause order had been referred, plaintiff's counsel informed the court that the case had been dismissed, and the time and manner thereof. The court, over the objection of defendant's counsel, ruled that the case had been dismissed, refused to hear the show cause order, ordered it stricken from the calendar, and made the following entry:

"Pltff. elects to dismiss this action. Court refused to hear show cause, and it is stricken from calendar."

Up to the day last referred to, no answer had been served or filed, but on that day, while the attorneys were in the courtroom, one of defendant's attorneys delivered a copy of an answer in the case on the part of defendant to the attorney for plaintiff, who refused to accept it, saying that the case had been dismissed. Thereafter the attorney for defendant filed the answer.

On January 18, 1921, defendant filed a motion, supported by her affidavit for an order "directing the allowance to the attorneys for the defendant of reason-

able attorney's fees in the above entitled case, and to the defendant Marian McClaskey for her costs and disbursements and temporary alimony and support pending the above entitled case.'' She, at the same time, procured an order to show cause, returnable on January 21, 1921, at 9:30 o'clock a. m., and served the motion and the show cause order upon the attorneys for plaintiff.

The motion came on to be heard before Judge Frater on February 4, 1921, and he concluded that the case had not been dismissed by plaintiff, but was still pending, and ordered the plaintiff to pay a stated sum per month for the support of the defendant, beginning January 1, 1921, but refused to make any allowance for suit money or attorney's fees.

Upon this assumption of jurisdiction, relator contends that he is entitled to this writ.

Section 408, Rem. Code, provides in part as follows:

''An action may be dismissed, or a judgment of nonsuit entered, in the following cases:—

''1.  By the plaintiff himself at any time before the jury retire to consider their verdict, unless a set-off be interposed as a defense, or unless the defendant sets up a counterclaim to the specific property or thing which is the subject matter of the action'';

Relator contends that, under this statute, the plaintiff has a right to dismiss at any time, either in a law or equity action, on account of our statutes abolishing the distinctions between such actions, and without the consent of the other party or the approval of the court, notwithstanding it is admitted that we have in early cases held that the above mentioned sections do not apply to equity suits. *Somerville v. Johnson,* 3 Wash. 140, 28 Pac. 373; *Scoland v. Scoland,* 4 Wash. 118, 29 Pac. 930; *Waite v. Wingate,* 4 Wash. 324, 30 Pac. 81.

The last named case was expressly overruled by

this court in *Washington Nat. Bldg. L. & I. Ass'n v. Saunders,* 24 Wash. 321, 64 Pac. 546, on the ground that, under the statute, a plaintiff has no right to dismiss the action, whether it be of legal or equitable cognizance, when a counterclaim has been set up and affirmative relief demanded by defendant.

Respondent contends that prohibition does not lie in this case because the plaintiff has an adequate remedy by appeal from the final judgment in the case below. In opposition to that contention the relator contends, and cites our cases to the effect, that, where there is a total absence of jurisdiction in the superior court, the writ will lie.  Citing *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905; *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; and *State ex rel. Hopman v. Superior Court,* 88 Wash. 612, 153 Pac. 315.

The *Hopman* case is quoted to the effect that where it appears that the court has proceeded without *first having acquired jurisdiction,* and that such appears without depending upon some controverted fact, the writ of prohibition will lie.

The distinction between the holding in that case and other cases such as the *Martin* case, where the superior court was divested of jurisdiction by virtue of some process granted by statute, opportunely and appropriately used, and this case, is this: The superior court cannot proceed without *first having* acquired jurisdiction, even to enter erroneous and void orders or judgments; or, it having acquired jurisdiction, and that jurisdiction being absolutely divested by proper process authorized by statute, then the jurisdiction entirely disappears.  But in such a case as this, where the court never proceeded without first having acquired

jurisdiction, and where jurisdiction was never divested by the use of a process authorized by law, which absolutely divests the court of jurisdiction, then the court has jurisdiction of the subject-matter and of the parties and may proceed and exercise jurisdiction, even though it may do so erroneously. *State ex rel. Port Orchard Inv. Co. v. Superior Court,* 31 Wash. 410, 71 Pac. 1100; *State ex rel. Korsstrom v. Superior Court,* 48 Wash. 671, 94 Pac. 472; *State ex rel. Teeter v. Superior Court,* 110 Wash. 255, 188 Pac. 391; *State ex rel. McGlothern v. Superior Court,* 112 Wash. 501, 192 Pac. 937; *State ex rel. Godfrey v. Superior Court,* 111 Wash. 101, 189 Pac. 256.

"The adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, and not the mere question of jurisdiction or lack of jurisdiction." *State ex rel. Miller v. Superior Court, supra,* quoted in *State ex rel. McGlothern v. Superior Court, supra.*

The case in the court below being a divorce action, we are inclined to the opinion that plaintiff, the husband, having brought his wife into court, could not, after she had appeared and demanded affirmative relief, dismiss his action against her consent, and without the approval of the court. That, however, is a question that probably deserves more deliberate and thorough consideration.

We are of the opinion, however, that relator has an adequate remedy by appeal in which all such questions can be deliberately determined.

The writ is therefore denied.

PARKER, C. J., MAIN, TOLMAN, and MITCHELL, JJ., concur.