[No. 19007.    Department One.    March 24, 1925.]

FISHER FLOURING MILLS COMPANY, *Appellant*, v. W. H.
McCLINTON, *Respondent*.[1]

DISMISSAL AND NONSUIT (5)—VOLUNTARY—RIGHT OF DEFENDANT
TO AFFIRMATIVE RELIEF. The plaintiff is not entitled to a voluntary
nonsuit in an action upon contract in which defendant interposed
an affirmative defense and asked that the contract be reformed.

COSTS (45)—ITEMS—WITNESS FEES. The prevailing party is en-
titled to costs for witnesses called to support a claim which the
court disallowed, if they also testified upon the claim allowed by
the court.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered June 14, 1924,
upon findings favorable to the plaintiff, in an action
on contract, tried to the court. Affirmed.

*Donald G. Graham* and *Hastings & Stedman,* for
appellant.

*Stephen E. Chaffee,* for respondent.

ASKREN, J.—This is an action for the recovery of
money advanced on contracts for the sale of hay, and
for damages for breach of such contracts.

The defendant interposed an affirmative defense,
asking that the contracts in issue be reformed to show
that they were contracts of agency, and asked for
damages by reason of a breach thereof by plaintiff.
At the close of plaintiff's case, after motion by defend-
ant for judgment, plaintiff moved for voluntary non-
suit. The record is not clear as to what was the ruling
of the trial court upon this question at that time, but,
in any event, the case proceeded to trial upon the
defendant's affirmative defense. At the conclusion of
the trial, the court held that the defendant had not

[1]Reported in 234 Pac. 20.

sustained his allegations as to damages for breach of the contract, but held that the contracts in question had been altered; that they were contracts of agency; dismissed plaintiff's complaint with prejudice, and allowed defendant his costs.   Plaintiff appeals.

Several assignments of error are presented, chief of which is that the court erred in granting judgment of dismissal with prejudice as to appellant's cause of action.   Appellant insists that, since its motion for nonsuit was made prior to the court's ruling upon defendant's motion to dismiss, its right to such nonsuit cannot be denied.   Rem. Comp. Stat., § 408 [P. C. § 8122], is as follows:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:—(1) By the plaintiff himself, at any time before the jury retires to consider their verdict, unless setoff be interposed as a defense, or unless the defendant sets up a counterclaim to the specific property or thing which is the subject matter of the action;  . . ."

Under this section we have held that, where one seeks affirmative relief growing out of the same transaction, the plaintiff is not entitled to a voluntary nonsuit.   *Washington National Building, Loan & Inv. Ass'n v. Saunders,* 24 Wash. 321, 64 Pac. 546; *State ex rel. McClaskey v. Superior Court,* 115 Wash. 354, 197 Pac. 30; *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23.   It is apparent that this case comes within the rule announced in the cited cases. Respondent claimed that the contracts, which upon their face purport to be contracts of sale between appellant and respondent, were in fact contracts of agency, and asked to have them reformed, and for further affirmative relief in damages.   Upon that state of facts the appellant could not dismiss its action, because respondent had a right to proceed with the trial

of his action; and a judgment rendered thereunder and based thereon would of necessity determine the rights of appellant upon its cause of action.

Appellant complains, also, that the trial court erred in making a finding that the respondent was the agent of appellant in the transaction. We have examined the record in this connection with some care and are not disposed to disturb the court's findings upon the evidence in this case.

It is next claimed that the court should not have held that the contracts in question were void because of alterations made therein without the consent of respondent after their execution. In view of the fact that the court found that the contracts were contracts of agency, it does not become necessary for us to decide that question.

Finally, it is contended that the court erred in taxing costs in favor of the defendant. Witnesses were called by respondent to establish his allegations that he was the agent of appellant, and also for the purpose of establishing his claim for damages. Appellant contends that, since the court denied the claim for damages, these items of cost should not have been allowed. It is immaterial whether respondent prevailed in its claim for damages or not, or that the witnesses testified upon that question. If they also were called to give testimony to combat appellant's cause of action and to establish the question of agency, the costs would be properly chargeable to the appellant.

The judgment of the trial court is right and is hereby affirmed.

TOLMAN, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.