[No. 20256. Department One. February 14, 1927.]

## A. D. ANDREWS, *Respondent,* v. E. E. HARKINS COMPANY et al., *Appellants.*[1]

[1] DISMISSAL AND NONSUIT (5)—VOLUNTARY—DEFENDANT SEEKING AFFIRMATIVE RELIEF. It is error to grant plaintiff a voluntary nonsuit and dismiss the action after defendants have asked affirmative relief growing out of the same transaction; nor is the situation changed by the fact that one of the defendants was a corporation and had not paid its annual license fee.

[2] CORPORATIONS (193)—ACTIONS—CONDITION PRECEDENT—PAYMENT OF LICENSE FEE. It is error to refuse a corporation leave to amend its answer asking affirmative relief, to show payment of its annual license fee, where the application was made, with proof of the payment, before trial and when the matter was first brought to the consideration of the court.

Appeal from a judgment of the superior court for King county, Douglas, J., entered May 4, 1925, dismissing an action, upon the motion of plaintiff for a voluntary nonsuit. Reversed.

*J. L. Baldwin,* for appellants.
*Winter S. Martin,* for respondent.

MITCHELL, J.—This is an action at law brought by the respondent against the appellants for damages arising out of fraud and deceit alleged to have been

[1]Reported in 253 Pac. 460.

perpetrated upon him by the appellants. The appellants' answer denied all the allegations of fraud and, by set-off and cross-complaint or counterclaim, sought to recover damages because of fraud and deceit alleged to have been perpetrated upon them by the respondent, all growing out of the same transactions referred to in respondent's complaint. The answer did not allege that appellant corporation was in good standing as to the payment of its last annual license fee. The affirmative matter in the answer was denied by a reply, which further affirmatively alleged that the appellant corporation had not paid its last annual license fee and that, therefore, it had no right to maintain an action in any court in this state nor defend by way of demanding affirmative relief. Certain proceedings and a hearing in the cause, adverse to the appellants, were had before the court commissioner. It is not clear from the record that the respondent at that time had affirmatively alleged the failure of the appellant corporation to pay its last annual license fee, although it seems that the point was there raised by a special demurrer for want of capacity to sue on the part of the corporation because it did not appear upon the face of the answer that the license fee had been paid. However, the state of the record before the court commissioner and his action in the case are not important because, under Rem. Comp. Stat., § 86 [P. C. § 8592], the appellants had those proceedings reviewed by the superior court. On reviewing them in the court and the cause being reopened for further consideration, appellants asked leave to amend their answer by alleging that the corporation had paid its last annual license fee, and at the same time, after appellants' motion to amend, the respondent moved for a voluntary nonsuit and dismissal of the action. Appellants' motion to amend their answer was denied. Respondent's motion for a

voluntary nonsuit was granted and a judgment of dismissal was entered. This appeal followed.

[1] The rulings and judgment were erroneous. Under the condition the pleadings were in, the respondent, plaintiff in the action, was not entitled to have the action dismissed, as may be seen by the terms of Rem. Comp. Stat., § 408 [P. C. § 8122]. In *Fisher Flouring Mills Co. v. McClinton,* 133 Wash. 540, 234 Pac. 20, in speaking of this section of the code we said:

"Under this section we have held that, where one seeks affirmative relief growing out of the same transaction, the plaintiff is not entitled to a voluntary nonsuit. *Washington National Building, Loan & Inv. Ass'n v. Saunders,* 24 Wash. 321, 64 Pac. 546; *State ex rel. McClaskey v. Superior Court,* 115 Wash. 354, 197 Pac. 30; *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23."

[2] Nor will the contention over the payment of the corporation's last annual license fee relieve the situation in favor of the judgment, for two reasons. (1) The complaint was against three persons, two individuals or natural persons and one corporation, all three of whom answered jointly and all three of whom are affected by the judgment of dismissal. The payment of an annual license fee applies only to corporations. (2) It has been decided that the statute to the effect that a corporation shall not commence or maintain any suit in any court in this state without alleging and proving that it has paid its annual license fee last due is a revenue measure. In *Eastman & Co. v. Watson,* 72 Wash. 522, 130 Pac. 1144, it was held to be sufficient to show that the fee is paid at the time of the trial, and in *Northwest Motor Co. v. Braund,* 89 Wash. 593, 154 Pac. 1098, the payment of the license fee before argument for a new trial, but after trial, was held sufficient. In this case, at the time the two motions

already referred to were before the trial court, one of them being appellant's motion to amend its answer, appellants presented to the court the certificate of the secretary of state showing that the corporation's annual license fee for the current year had been paid. Liberality in the allowance of amendments in the furtherance of justice is fully established in our practice and should have been exercised in the present case, wherein the matter involved was so nearly formal, under the unquestioned proof supporting the application to amend.

Reversed.

MACKINTOSH, C. J., MAIN, FULLERTON, and FRENCH, JJ., concur.