[No. 23860.   Department Two.   August 31, 1932.]

EASTERN OUTFITTING COMPANY, *Appellant*, v. ELLERY B. LAMB, *Respondent.*[1]

*Robert G. Cauthorn,* for appellant.

*Venables, Graham & Howe,* for respondent.

BEALS, J.—Plaintiff sued defendant for goods sold, demanding judgment for a balance due. An amended complaint was filed, to which defendant demurred upon the ground that the action had not been commenced within the time limited by law. Upon the overruling of his demurrer by the court, defendant answered, denying certain of the allegations of the amended complaint, and pleading affirmatively, first, payment; and second, that the action was barred by the

[1]Reported in 14 P. (2d) 30.

statute of limitations. To the affirmative defenses set forth in defendant's answer, plaintiff replied, denying the allegations of payment; the reply as to the second affirmative defense reading as follows:

"Plaintiff denies that the action herein was not commenced within the time limited by law and is barred by the statute of limitations as alleged in said second affirmative defense."

Defendant then filed a motion for judgment on the pleadings in the following form:

"Comes now the defendant, Ellery B. Lamb, called Ellerey B. Lamb in the summons, amended complaint and reply in this action, and moves the court for an order for a judgment on the pleadings.

"This motion is based upon the records and files of this action which show that it appears upon the face of the plaintiff's amended complaint that the plaintiff's alleged cause of action has not been commenced within the time limited by law and is now barred by the statute of limitations, to wit: the alleged cause of action is based on contracts partially written and partially oral and which contracts are limited by law and barred by the statute of limitations on oral contracts."

The issue of law raised by this motion came on regularly to be heard before the court commissioner, who, after argument, filed a memorandum decision which, after statement of some preliminary matter, concludes:

"This question is controlled by the three year statute and by plaintiff's complaint the last payment was made over three years prior to the commencement of this action.

"The demurrer is sustained upon the ground that the action has not been commenced within the time limited by law."

A few days later, the court commissioner signed a formal order, in which it is recited:

"That it appears upon the face of the plaintiff's amended complaint and from the records and files

herein that the plaintiff's cause of action is barred by the statute of limitations and that the defendant's motion for judgment on the pleadings be and the same hereby is granted.''

The order concluded with a dismissal of the action with prejudice and with costs to defendant.

Plaintiff demanded revision of the judgment entered by the court commissioner, and the matter was reviewed before the superior court.

It appears from the statement of facts, which is made up of a record of the proceedings before the superior court on the revision of the judgment entered by the commissioner, and which includes arguments by counsel for the respective parties and oral rulings and statements by the court, that counsel for plaintiff, when the court indicated that, in its opinion, the court commissioner's judgment was correct, asked for leave to file an amended complaint, and stated that he had preferred a similar request before the court commissioner after the commissioner had filed his written memorandum opinion. The court denied plaintiff leave to amend, entered an order ratifying, affirming and approving the commissioner's judgment, and denying plaintiff's motion for a revision thereof, from which order plaintiff appeals.

Respondent had raised the issue of law as to whether or not appellant's action had been commenced within the period of the statute of limitations, he having demurred to the amended complaint upon that specific statutory ground. The issue was thus raised in the orderly manner provided by law, and the demurrer was by the superior court overruled. It is manifest that, by his motion for judgment on the pleadings, respondent sought to once again raise the issue that the action was barred by the statute.

Assuming, without deciding, that respondent could

thus reargue the question which he had raised by his demurrer, and also assuming that, from the pleadings, it should be held that the action had not been commenced within the time limited by law, we are of the opinion that the trial court erred in refusing appellant leave to file an amended complaint. The question of the applicability of the statute of limitations had been presented in the orderly manner, and the court had ruled thereon contrary to respondent's contention. The issues were then regularly made up, whereupon respondent moved for judgment on the pleadings, stating in his motion his position that it was his contention that the action was barred by the statute. Respondent's rights in regard to the raising of the question of the statute of limitation were fully protected by his answer.

Respondent criticizes appellant's reply to respondent's plea of the bar of the statute, as set forth in his answer. This portion of appellant's reply is subject to criticism, and respondent might have moved against the same or demurred thereto. It does not, however, afford respondent an opportunity to move for judgment on the pleadings and thereby prevent appellant from amending its complaint.

A motion for judgment on the pleadings is not a statutory motion, and, while proper in certain cases, its operation is confined within rather narrow limits and should not be unduly extended. A motion, in the ordinary form, for judgment on the pleadings, does not properly raise the issue of the bar of the statute of limitations. This issue is waived, unless raised by the statutory demurrer. Bancroft's Code Pleading, p. 935, § 646; *Chemung Mining Co. v. Hanley,* 9 Idaho 786, 77 Pac. 226.

In the case at bar, respondent expressly stated that he relied upon the bar of the statute. Appellant did

not join in the motion, but resisted the same, and both before the entry of final judgment by the commissioner and before the signing of the judgment by the superior court, requested leave to file an amended complaint.

Under the law, on demand for the revision of the order signed by the commissioner, the entire matter was before the superior court for review. *State ex rel. Biddinger v. Griffiths*, 137 Wash. 448, 242 Pac. 969.

The superior court, of course, at the time of the hearing before it, might have allowed respondent to renew his special demurrer. It is evident that the commissioner considered the motion for judgment on the pleadings as a demurrer; indeed, in his memorandum opinion he refers to the motion as a demurrer. If the superior court, at the time of the hearing on appellant's application for a revision of the commissioner's order, desired a reargument of respondent's demurrer, the court's ruling should have been made clear. By the renewal of the demurrer under the guise of a motion for judgment on the pleadings, the scope of the issue actually raised should not be enlarged, and appellant was entitled to the benefit of the liberal rules of practice pursuant to which amendments are freely allowed upon the sustaining of a demurrer to a pleading containing allegations of fact.

In the case of *Andrews v. Harkins Co.*, 142 Wash. 363, 253 Pac. 460, it appeared that, in an action at law for damages based upon alleged fraud, the defendants had denied the fraud and had cross-complained, asking damages based upon the alleged fraudulent conduct of plaintiff. One of the defendants was a corporation, and its answer failed to allege that it had paid its last annual license fee. Plaintiff in his reply affirmatively alleged that the corporation was not in

good standing and therefore had no right to maintain its cross-complaint.

The matter was heard before the court commissioner, who ruled adversely to the defendant and cross-complainant. The defendant caused the proceedings to be reviewed by the superior court, and there asked leave to amend its answer by alleging the payment of its license fee. At the same time, plaintiff moved for a voluntary nonsuit and dismissal of the action. The superior court denied defendant's motion for leave to amend, and granted plaintiff's motion for a voluntary nonsuit. The defendant appealed, and this court held that the superior court had erred in refusing the appellant leave to amend. This court called attention to the fact that our practice calls for the liberal allowance of amendments in furtherance of justice, which principle has been frequently recognized in our decisions. *Pratt v. Rhodes,* 142 Wash. 411, 253 Pac. 640, 256 Pac. 503.

In the case at bar, the entire question was before the superior court for consideration. The judge presiding over another department of that court had held appellant's complaint good as against respondent's demurrer. It is evident that respondent's motion for judgment on the pleadings raised no issue other than the question of the statute of limitations. Appellant had not joined in the motion, but, on the contrary, had requested leave to file a second amended complaint. Under these circumstances, the trial court erred in refusing leave to file such a complaint and in dismissing the action.

The judgment appealed from is reversed, with instructions to grant appellant leave to file an amended complaint.

TOLMAN, C. J., MAIN, and HOLCOMB, JJ., concur.