[No. 14973.  Department One.  January 6, 1919.]

GEORGE F. BLACKBURN *et al., Appellants,* v.
KLAAS VANDER AARDE *et al., Respondents.*[1]

REFORMATION OF INSTRUMENTS (15) — EQUITY (41) — LACHES.
Where, by mistake, a deed omitted a clause requiring the grantees
to assume a mortgage, and the mistake was not discovered until
foreclosure of the mortgage, a cause of action for reformation of
the deed did not accrue until entry of judgment of deficiency and
notice thereof; hence the judgment debtors were not guilty of
laches preventing suit for reformation of the deed, where the delay
caused no loss to the grantees.

Appeal from a judgment of the superior court for
Yakima county, Holden, J., entered October 27, 1917,
dismissing an action for equitable relief, tried to the
court.  Reversed.

*Roberts & Udell,* for appellants.

*E. B. Velikanje,* for respondents.

TOLMAN, J.—In October, 1909, appellants were the
owners of certain property in the city of Yakima, and,
through a real estate broker, agreed with respondents
to exchange their city property for ranch property
then owned by respondents.  The ranch property was
valued at $7,000, the city property at $6,000, and to
make up the difference in value, appellants turned in
a certain real estate contract on other city property
at an agreed value, and paid in cash the balance of
something over $400.  The city property was subject
to two mortgages, a first mortgage of $1,600, and a
second mortgage of $1,900, while the ranch property
was clear.  Respondents agreed to assume and pay
these mortgages upon the consideration that appel-
lants would give to them their notes for $3,500, to
mature before the mortgages on the city property, and

[1]Reported in 177 Pac. 658.

secured by mortgage on the ranch property which they were then receiving. This was done and the transfers were made, but by error and mutual mistake, which is practically admitted, the deed from appellants conveying to respondents the city property failed to state that respondents assumed and agreed to pay the mortgages thereon, but simply recited that the property was subject to the two mortgages described. Thereafter, and substantially in accordance with the terms thereof, appellants paid to respondents the $3,500 and interest in discharge of the notes and mortgage which they had given on the ranch property. Respondents paid the second mortgage on the city property, which was first to mature, but having thereafter conveyed the property to others, neglected to pay the first mortgage when it matured, or at all. In due time, an action to foreclose the first mortgage was commenced, and appellants, while answering thereto, appear to have relied upon the fact that respondents had paid the second mortgage only after a foreclosure had been commenced, and to have assumed that they would so pay the first mortgage before judgment. In any event, appellants did not examine the record and ascertain the omission from the deed of the covenant to assume and pay the mortgages, until after a deficiency judgment for $500 had been rendered against them in the foreclosure proceeding on June 29, 1916, and a demand for payment had been made upon them in August following; and having paid the deficiency judgment, they then brought this action to reform the deed and recover from respondents the amount so paid. The facts were practically admitted upon the trial below. The sole defense relied upon was laches. This defense was sustained by the trial court and a judgment of dismissal entered, from which this appeal was taken.

While considerable time elapsed between the mak-

ing of the deed and the commencement of this action, that is largely immaterial, because there was no breach of the covenant to pay the mortgage until it was permitted to become overdue and go to foreclosure, and nothing to put appellants on notice that there might be such a breach. The cause of action for the money recovery did not accrue before the entry of the deficiency judgment against appellants; and, until they had notice of such judgment, nothing appears in the record of sufficient importance to require them to examine the public record and discover the error in the deed which is complained of. It is not urged or seriously claimed that the delay on the part of appellants in discovering the error in the deed and in bringing an action for its reformation caused any loss to respondents, or led them to alter their position in any way to their detriment. The mere fact of delay alone is relied upon to sustain the judgment.

In *Young v. Jones,* 72 Wash. 277, 130 Pac. 90, where a like question was involved, Judge Ellis, speaking for this court, said:

"The doctrine of laches as a defense is grounded on the principle of equitable estoppel, which will not permit the late assertion of a right where other persons by reason of the delay will be injured by its assertion. The case before us presents no such aspect. No right of a third party is involved. The respondents Lofgren had notice of the appellants' claim almost as soon as the mistake was discovered. There is no evidence that the respondents or any one else will be placed in any worse position by a reformation because of the delay. No adverse equities have arisen in the interim. The fact of appellants' claim was at all times known to those claiming adversely. There was no evidence of fraud, deceit, or bad faith on the appellants' part. In such a case, mere delay, short of the period fixed by the statute of limitations, will not bar the action."

This doctrine was expressly reaffirmed in *Carlson v. Druse*, 79 Wash. 542, 140 Pac. 570, and may now be accepted as the settled law of this state; and it may be safely asserted that it is in harmony with the great weight of authority. Measured by this rule, appellants were not guilty of such laches as would bar their right to recover.

The judgment is reversed, with instructions to enter a judgment for the reformation of the deed as prayed for, and for the sum paid by appellants in satisfaction of the deficiency judgment, with interest at the legal rate from the time of such payment.

MAIN, C. J., MACKINTOSH, MITCHELL, and CHADWICK, JJ., concur.