[No. 9111.   Department One.   March 10, 1911.]

Robert A. Eaton, *Respondent*, v. General Compressed
Air & Vacuum Machinery Company, *Appellant*.[1]

Pleading—Amendment—Discretion.  It is not an abuse of discretion to refuse leave to amend an answer at the trial by substituting a general denial for certain admissions respecting a contract alleged in the complaint, where the action had been pending several months, the case had been regularly set for trial, and a jury empaneled to try the case.

Pleading—Variance—Contract—Construction.   In an action upon a contract to recover "10 per cent on any business" done for the defendant, it is not a failure of proof or a material variance to prove a contract by defendant's letters for "a commission of ten per cent on all goods of our manufacture" where in another letter "ten per cent on any business you secure for us" was stated to mean "ten per cent to you on all goods of our manufacture."

Contracts—Action for Breach—Evidence—Question for Court. In an action on contract for services, a verdict for the plaintiff is properly directed, where the contract was admitted and the defendant's evidence showed the amount due thereon to be substantially the sum found by the court.

Appeal from a judgment of the superior court for King county, Joiner, J., entered April 30, 1910, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action on contract.   Affirmed.

*Peters & Powell*, for appellant.

*Hamlin, Meier & Phillips* (*W. F. Meier*, of counsel), for respondent.

Mount, J.—Plaintiff brought this action against the defendant to recover upon two alleged causes of action.   For the first cause the plaintiff alleged, that he entered into a written contract with the defendant by which defendant agreed to pay him ten per cent of all business which he might secure for defendant; that he secured a contract for

[1]Reported in 113 Pac. 1091.

defendant to install one of its vacuum cleaning plants in the New York block in the city of Seattle, for the price of $2,725, which plant was installed in said building, and that his commission thereon amounted to $272.50. For a second cause of action plaintiff alleged, that he entered into a parol contract with defendant to install the said vacuum cleaning plant in the New York block, and as compensation therefor was to receive the difference between the contract price and the gross factory price, with freight and shipping charges and all expenses of installation upon the premises of the purchaser; that the contract price was $2,725, and the gross factory price was $1,872.50; that the reasonable cost of transportation, installation, etc., was $425, leaving the sum of $427.50 for the plaintiff's profit. He further alleges that he undertook to install the plant as agreed, but that defendant thereafter wrongfully interfered and prohibited him from completing the work, which he was ready, able, and willing to do, and that the defendant thereby became indebted to him in the sum of $427.50; and demanded judgment upon the first cause of action for $272.50, with interest from March 14, 1909, and upon the second cause for $427.50, with interest from August 7, 1909.

For answer to the complaint, the defendant denied the allegations of the first cause of action. Defendant admitted the contract alleged in the second cause of action, and admitted that it superseded and set aside the plaintiff from the work, and employed other workmen to install the plant; and denied that the plaintiff was ready, able, or willing to complete such installation, but alleged that the plaintiff failed, neglected and refused to properly or effectually install the plant; and denied any indebtedness to the plaintiff on account of such installation. As a further and affirmative defense, the defendant alleged that, upon the representation of the plaintiff that he was a competent engineer, the defendant employed him to superintend the installation of the said plant, which he undertook to do; but that he proceeded so carelessly

and negligently with such work, and was so incapable of doing the work, that defendant was required to go to much expense to secure the proper installation and supervision thereof by others, to its damage in the sum of $500. These affirmative allegations were denied by the plaintiff. Upon these issues the case came on for trial. After a jury had been impaneled, counsel for the defendant asked leave of the court to amend its answer to the second cause of action by filing a general denial thereof. Counsel stated that the defendant was a nonresident of the state; that he had been misinformed by an agent of the defendant as to the facts pleaded; that depositions of the officers of the defendant had been taken, which depositions had arrived only the day before, and that such depositions, instead of admitting the contract to install the cleaning plant, denied the same. Counsel offered to pay the costs of a continuance, to which plaintiff objected, and the court refused the request.

Appellant now urges that the court abused its discretion in this ruling. The action had been pending for several months, the case had been regularly set down for trial, and the jury had been impaneled to try the case. We are of the opinion that the court did not abuse its discretion in refusing to change the issues at that time, under the circumstances stated.

At the close of all the evidence in the case, the trial court refused defendant's motion for a nonsuit, and directed a verdict for the plaintiff in the sum of $711.81. Appellant argues that the motion for a nonsuit as to the first cause of action should have been granted, for the reason that the complaint alleged a contract for the payment of "10 per cent on any business which the plaintiff might secure for the defendant," while the proof shows a contract for "a commission of ten per cent to you on all goods of our manufacture," and that there was a fatal variance which amounted to a failure of proof. There is no merit in his contention. The contract was made by letters passing between the parties. In one

of these letters from defendant to plaintiff, it is stated: "We will pay you ten per cent on whatever business you do for us." In a subsequent letter defendant said to plaintiff: "The usual commission of ten per cent to you on all goods of our manufacture." The plaintiff made objections to this last statement, and in reply the defendant said: "We will pay you ten per cent on any business you secure for us, which means ten per cent on goods of our own manufacture, but you may rest assured that in plants up to six-sweeper capacity, we manufacture everything except motor and hose." It was conceded that the plant in question was of five-sweeper capacity and no motor was used. The hose was of little importance, and the cost thereof was apparently deducted by the court. It is apparent that the contract was proved substantially as alleged. The fact that the plaintiff asked leave to amend his complaint to conform to the proof is of no importance to show a variance. He no doubt did so to avoid the question raised.

Appellant argues that, upon the second cause of action, there was a conflict of evidence upon the cost of installing the plant, and therefore that question should have been submitted to the jury. But there appears to be no substantial conflict therein. The evidence offered by the defendant showed that the cost of installing the plant was, $205 for labor, $172.89 for freight charges, $31.85 for expressage, $25 for painting; making a total of $434.74, which added to the estimated factory price, makes the total cost of $2,307.24, which deducted from the contract price—$2,725, leaves a balance of $417.76, which would have been the plaintiff's profit. This is substantially the sum allowed by the court. It is true, the defendant testified that it let a contract for $450 for installing the plant. But the contract included the contractor's profit, which justly belonged to the plaintiff. The court properly refused to consider the cost of valves, pipes, etc., because those things clearly were a part of the plant which the defendant was required to furnish.

We find no reversible error in the record, and the judgment is therefore affirmed.

DUNBAR, C. J., PARKER, GOSE, and MORRIS, JJ., concur.