[No. 11661. Department One. May 8, 1914.]

GUS T. CARLSON, *Respondent*, v. DANIEL L. DRUSE *et al.*, *Appellants*.[1]

REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE — COMPLAINT— SUFFICIENCY. A complaint in an action to reform a deed shows a mutual mistake and states a cause of action, where it alleges that the defendant sold plaintiff 2½ acres of land at $2,500 per acre, and staked the same out upon the ground, exclusive of roads, and later gave the deed in question disregarding the stakes and containing but 2½ acres including roads on the west and north boundaries, making a deficit of about half an acre.

APPEAL—REVIEW—AMENDMENTS TO CONFORM TO PROOF. In a case tried to the court in which each side fully presented its evidence on the real issue, a defective complaint will be deemed amended on appeal to conform to the proof.

[1]Reported in 140 Pac. 570.

REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—EVIDENCE. To warrant the reformation of a deed for mutual mistake, the evidence must be clear and convincing that the writing was not what the parties intended it to be.

SAME—MUTUAL MISTAKE—EVIDENCE—SUFFICIENCY. It sufficiently appears, by clear and convincing evidence, that there was a mutual mistake in a deed of 2½ acres, including the area in roads on the north and west boundaries of the tract, where it appears that the grantor, owning a five and one-half acre tract, agreed to sell 2½ acres, at $2,500 per acre, and measured with a tape and set a stake on the east side of the west road, which he stated would be the boundary, and which made 2½ acres exclusive of the roads, and later moved the stake 42 feet north and made deed accordingly so as to grant but 2½ acres including both roads, that the grantor informed the grantee that one-half of the north road "comes off the tract," but nothing was said about the grant being subject to the west road; since it was clearly implied that the purchase of the north two and one-half acres included the north road but not the west road.

SAME—MUTUAL MISTAKE—DEFENSES—NEGLIGENCE. The negligence of a party is not ground for denying the reformation of an instrument upon the ground of mutual mistake, shown by clear and convincing evidence.

SAME—TIME TO SUE—LACHES. A delay of two years in commencing an action for the reformation of a deed upon the ground of mutual mistake does not bar the action, where the claim of mistake was promptly made, the defendants had the possession of the land in dispute, and were not prejudiced by the delay.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered April 15, 1913, upon findings in favor of the plaintiff, in an action for reformation. Modified.

*McAulay & Meigs*, for appellants.

*Davis & Morthland*, for respondent.

Gose, J.—This action was brought to reform a deed. Decree for the plaintiff. The defendants have appealed.

The complaint alleges, in substance, that the appellants owned five and one-half acres of land, definitely describing it, including a road along the west side of the tract thirty-three feet in width, and a road along the north side of the tract twenty feet in width; that the respondent purchased

the north two and one-half acres of the tract at $2,500 per acre, after the appellant husband had measured the ground and set a stake to mark the south boundary line; that, upon the same day, the appellant prepared and delivered an earnest money receipt, reciting that he had received the first payment "on purchase price of two and one-half acres of land," a part of a definitely described tract; that later the appellants conveyed to the respondent two and one-half acres of land, including both roads; that the lands staked off, including the roads, contained about three acres; and that, after the execution of the earnest money receipt, the appellants moved the stake north about forty-five feet and took, and have since held possession of, such strip of land. The receipt and the deed are made part of the complaint, and will be more fully set forth later. The prayer is for a reformation of the deed so as to embrace the lands staked off, by metes and bounds description.

A general demurrer to the complaint was interposed and overruled. This is the first error claimed. While it would have been better pleading to describe the tract of land which the respondent claims to have purchased, by metes and bounds, yet we think the complaint states a cause of action. In substance it alleges that the appellants staked off a definite tract of land containing two and one-half acres exclusive of roads, gave the respondent an earnest money receipt, and later conveyed him two and one-half acres including the roads. The difference between the amount conveyed and the amount claimed is about a half acre. The purchase price was $2,500 per acre. The mistake, if any, was a material one, and the facts alleged sufficiently show that the mistake was mutual. Our statute, Rem. & Bal. Code, § 258, subd. 2 (P. C. 81 § 223), requires that a complaint shall contain a plain and concise statement of the facts constituting the cause of action. In this class of cases, the complaint must show the real agreement, the written one, and wherein the writing fails to embody the real agreement. 34 Cyc. 970,

972, 973. The complaint discloses a material and mutual mistake, and points out the mistake with sufficient definiteness. *Murdoch v. Leonard*, 15 Wash. 142, 45 Pac. 751; *Dennis v. Northern Pac. R. Co.*, 20 Wash. 320, 55 Pac. 210; *Rosenbaum v. Evans*, 63 Wash. 506, 115 Pac. 1054; *Bruce v. Grays Harbor Drug Co.*, 68 Wash. 668, 123 Pac. 1075.

Moreover, should it be conceded that the complaint was defective, if the evidence, although admitted under objection, discloses sufficient reason for reforming the deed, the error will be treated as technical and unavailing at this stage of the proceedings. *Sjong v. Occidental Fish Co.*, 78 Wash. 4, 138 Pac. 313. In that case, the court said:

"But a different rule obtains when the trial court treats a defective complaint as sufficient and permits each side to fully present his evidence upon the real issue in the case. In such instances, this court is enjoined by statute to hear such causes upon their merits, disregarding technicalities, and to consider all amendments which could have been made as made. Rem. & Bal. Code, § 1752 (P. C. 81 § 1255). True, if it appears that the complaining party has been surprised or misled by the want of sufficient allegations in the pleadings, and has thereby been prevented from fully presenting his case to the jury, the error is fatal to the verdict, but nothing of this sort appears in the present record."

The same may be said of the case at bar. Both parties submitted testimony in support of their respective views of the transaction.

To warrant a reformation, the evidence must be clear and convincing that the writing is not what the parties intended it to be. *Dennis v. Northern Pac. R. Co.*, *Rosenbaum v. Evans*, and *Bruce v. Grays Harbor Drug Co.*, *supra*. In *Beverly v. Davis*, *ante* p. 537, 140 Pac. 696, we held that clear and convincing evidence was required to establish that an absolute deed with an option to repurchase was intended as a mortgage.

The crucial question in this case is, Have the respondents

shown a mutual mistake by clear and convincing evidence?
After the appellant husband set a stake to represent the
south boundary of the tract, he drew with his own hand, and
delivered to the respondent, an earnest money receipt as
follows:

"No. Yakima, Wn. April 20th, '10.

"Received of Gus T. Carlson, one hundred dollars, first
payment on purchase price of two and one-half acres of land,
being part of the northwest quarter of the south east quarter
of the south west quarter of section twenty-three, township
thirteen north, range eighteen, east of W. M. The purchase
price being six thousand two hundred and fifty dollars."

On the 10th day of May following, the appellants executed
and delivered to the respondent a statutory warranty deed,
whereby they conveyed to him the "North 2½ acres of north
½ of west ½ of west 30 acres in SE ¼ of SW ¼ of section
23, township 13 north, range 18, E. W. M." The respond-
ent's testimony is that, at the suggestion of one Hasselstrom,
he looked over the appellants' land, and that on the 20th day
of April, 1910, he and Hasselstrom called upon the appellant
husband with a view to making a purchase; that the appel-
lant and Hasselstrom measured the tract with a tape line;
that they began at the south and measured along the east side
of the west road; that the appellant set a stake and said
to the respondent that the north two and one-half acres
"comes to about there," " 'just about here;' but he did not
say exactly to an inch" that the stake marked the south
boundary of the north two and one-half acre tract; that the
appellant then returned to his home; that about a half hour
later the respondent and Hasselstrom went to the appellant's
home and informed him that the respondent would take the
north two and one-half acres; that the appellant then drew
with his own hand and delivered the earnest money receipt.
Respondent further testified that the north, east and west
lines were not pointed out, and that only one stake was set.
The parties all agree that this stake was set on the east side
of the west road. Hasselstrom said that there was but one

measurement and one stake set; that the measurement was made along the east side of the west road. All the parties agree that, at the time the measurement was being made and at the time the receipt was given and the deed executed, there was nothing said about roads. The respondent testified that some time in June he discovered that the stake had been moved to the north a distance of about forty-two feet. One of his attorneys testified that, in February, 1912, when he was discussing with the appellant the moving of the stake, appellant denied having any knowledge that the stake had been moved, but in a later conversation admitted that he himself had moved it; and said he assigned as a reason for moving the stake that he had made a mistake in his measurements, and that he had moved and re-set the stake to correct the error. This the appellant denies. This witness further testified that, in the several interviews he had with the appellant, the latter mentioned no other stake.

The appellants owned five and one-half acres of land which included two highways, one along the west side thirty-three feet in width, and one along the north side twenty feet in width. The appellant testified that he owned five and one-half acres, including the roads; that he measured off the south two and one-half acres following the east line of the west road, and set a stake; that he then measured another half acre and laid a weed to represent the south boundary of the north two and one-half acres. He said:

"I did not suppose we would need two stakes as I supposed he would know which piece he wanted. I said, 'Mr. Carlson, if you take the south two and one-half acres, this will be your corner.' . . . Then we measured on over . . . and measured a half acre more. We had no stake, and I looked around and found a large weed or something of the kind and put down right there."

He testified that, some two weeks after the execution of the earnest money receipt, he moved the stake and re-set it at the point where he had laid the weed; that the weed was

then in place, and that he intended to sell "subject to the roads," but said nothing about roads. He admits that the stake was set just east of the east line of the west road.

Upon this testimony, we think the court was warranted in concluding that there was but one corner marked, and that corner was intended to be the southwest corner of the north two and one-half acres. It seems improbable that the appellant would have placed a weed to mark the boundary line of orchard land that he was selling at $2,500 an acre.

The decree provides that the appellants shall execute a deed to the respondent containing a description by metes and bounds which includes both roads subject to the easements of the two roads, and which with the roads contains about three acres. In this we think the learned trial court was in error. The respondent does not claim to have purchased two and one-half acres plus the roads. His claim is that he purchased two and one-half acres exclusive of the roads. He admits, however, that, before making the purchase, when he was looking over the land with Hasselstrom, the latter told him that one-half of the north road (which was forty feet in width) "comes off of the tract." Hasselstrom testified he told the respondent that there was twenty feet of the north tract embraced in the north road. We think it is clearly implied from all the testimony that the respondent intended to purchase the north two and one-half acre tract including, but subject to, the north road. Both roads were plainly visible. He was not advised, however, that any part of the west road had been taken from the appellants' land. Hence, it could not have been his intention to purchase subject to the west road.

The appellants argue that the mistake was the result of the respondent's negligence, and that he cannot have his deed reformed. If this were true, there would be few contracts reformed. Mistakes in written instruments are usually due to negligence upon the part of one or both the parties, where there is no fraud. This court has uniformly taken the view that conveyances of real property may be reformed so as to

effectuate the actual intention of the parties where there has
been a material and mutual mistake, and where that mistake
has been shown by clear and convincing evidence. *Dennis v.
Northern Pac. R. Co., supra; Rosenbaum v. Evans, supra.*
In the first of these cases Judge Dunbar, speaking for the
court, said:

"Where the minds of the parties have met, but through
mistake, no matter whose, the written instrument does not
correctly state the agreement which the parties actually made,
then it may be reformed so as to express that which the
parties intended it should express."

It is argued that the delay in the commencement of this
action—about two years—should bar a recovery, or at least
should create an inference against the respondent's version
of the transaction. The respondent testified that he told the
appellant in July, 1910, that the description in the deed was
not correct; that it did not give him as much land as he was
entitled to have. The delay has not resulted to the prej-
udice of the appellants. They have had the possession
and the proceeds of the land since they re-set the stake. The
tract was planted to bearing fruit trees at the time of the
purchase. There being no intervening rights, the delay is
not material. *Young v. Jones,* 72 Wash. 277, 130 Pac. 90.

We think the decree should be modified so as to give the
respondent two and one-half acres of land including the
twenty-foot strip along the north side which is subject to an
easement for a public highway, and so as to give him an ease-
ment in the public highway lying along the west side of the
tract. The case will be remanded with directions to so modify
the decree.

Crow, C. J., Ellis, Main, and Chadwick, JJ., concur.