[No. 25516.   Department One.   August 13, 1935.]

MARGARET L. BELL, *Respondent*, v. LILLE WOODRUFF WHITTLE *et al., Appellants.*[1]

STEINERT, J., dissents.

*Clarence J. Coleman,* for appellant Lille Woodruff Whittle.

*Gordon D. Eveland,* for appellant George V. Whittle.

*Harold Morford,* for respondent.

BEALS, J.—George V. and Lille Woodruff Whittle were for many years husband and wife, and the owners of three lots at Manchester, in Kitsap county, the property being improved with a small dwelling. Whittle was engaged in business as a certified public accountant, maintaining his office in the city of Seattle. Plaintiff, Margaret L. Bell, entered his employ as a stenographer in December, 1924, and, proving very efficient, was from time to time promoted, until she became Mr. Whittle's private secretary, at a salary

[1]Reported in 48 P. (2d) 562.

of two hundred dollars per month. She kept the books, collected and receipted for the money, deposited the same in the bank, and herself drew most of the checks upon the business bank account.

Mr. and Mrs. Whittle were not congenial, and during the year 1931 their marital ship was evidently dangerously near the rocks. Mr. Whittle's financial condition was also far in the red, and he was indebted to various persons, including the plaintiff, to whom he owed, for unpaid salary, a large sum, approximately nineteen hundred dollars.

October 9, 1931, Mr. and Mrs. Whittle deeded the Manchester property to plaintiff, the deed having been filed for record, at grantee's request, six days later. Miss Bell remained in Whittle's employ until June 15, 1932, when she resigned, claiming that, on that date, there was due her from Mr. Whittle $1,651, and that the debt had become an account stated. It appears that, six months prior to the termination of her employment, she, realizing the fact that the business was not taking in much money, voluntarily reduced her salary to $125 a month.

Mr. and Mrs. Whittle were divorced in August, 1932. A year and a half later, plaintiff filed her complaint in this action, alleging her employment by Mr. Whittle; that there was due her $1,651 on account of salary; and that the deed above referred to had been given to her as security for money then due her from the Whittles and to secure payment of money which might become due her from them in the future.

Mr. Whittle answered this complaint, admitting that plaintiff had been in his employ and that the deed in her favor had been delivered, but denying every other allegation in the complaint contained. He affirmatively pleaded payment, and by a second affirmative defense alleged that plaintiff had negligently kept

the accounts of his business, and that in truth and in fact she was indebted to him.

Mrs. Whittle answered the complaint, denying all the allegations therein, and by way of a cross-complaint alleged that, prior to the execution of the deed hereinabove referred to, her then husband had represented to her that, for her protection, the Manchester real estate should be conveyed to Miss Bell, who would hold the property for Mrs. Whittle, as trustee; and that, relying upon all his representations, she (Mrs. Whittle) executed and delivered the deed to plaintiff. She further pleaded that plaintiff and George V. Whittle had conspired to procure this deed, and prayed that plaintiff be required to reconvey the property to her.

The trial resulted in a decree in plaintiff's favor, awarding her judgment as prayed for, declaring the deed to be a mortgage given to secure the amount found due, and directing that the same be foreclosed in the manner provided by law. From this decree, the defendants, separately, have appealed to this court.

Appellant George V. Whittle assigns error upon the refusal of the trial court to allow him to file an amended answer demanding an accounting between him and respondent. Both appellants assign error upon the denial of their respective motions for nonsuit, upon the admission of evidence concerning money loaned by respondent to Mr. Whittle, upon the entry of the decree awarding judgment in respondent's favor and foreclosing the deed as a mortgage, and upon the denial of their motions for a new trial.

Just prior to the opening of the trial, appellant George V. Whittle requested leave to file an answer demanding an accounting between him and respondent. The trial court, in the exercise of its

discretion, denied the motion, holding that the application came too late. The allowance or denial of such an application rests largely within the discretion of the trial court, and we find nothing in the ruling complained of of which appellant George V. Whittle may take advantage.

■ Respondent contended that her claim was based upon an oral account stated, and the trial court, in its oral opinion, found with her upon this question. Much of the evidence is in strong conflict and is, indeed, irreconcilable. Concerning Mr. Whittle's testimony, the trial court, in its memorandum decision, said:

"Now, then, the question of the deed: We have on the one hand a deed signed by Mrs. Whittle. No need to discuss Mr. Whittle in this part of the transaction. The less said about his testimony the better. I am frank to say I do not believe anything that he testified to except his name, and that isn't material."

Appellant Lille Whittle testified that she never at any time had any conversation with respondent concerning the deed or the purpose for which the same was executed. It seems to have been Mrs. Whittle's idea that the property was placed in respondent's name for the purpose of placing it beyond the reach of her then husband's creditors, and Mr. Whittle, although he contends that the real property was Mrs. Whittle's separate estate, seems at times to contend that he shared in this opinion. At another period in the course of the trial, he intimated that he and respondent contemplated using the proceeds of this property to finance a joint journey of adventure through the South Seas, and again he testified that he suggested to respondent that she mortgage the property and divide the proceeds between themselves. We are in entire accord with the opinion expressed by the trial court to the effect that no credence whatever can be placed upon Mr. Whittle's testimony.

We are of the opinion, as was the judge who heard the case, that both respondent and appellant Lille Whittle were grossly imposed upon; the question here to be determined being which of the two must suffer this particular consequence of Mr. Whittle's bad faith.

Appellant Lille Whittle (who will hereinafter be referred to as though she were the appellant) contends that the evidence shows no account stated between respondent and her employer, and that, in any event, some of the items included in the amount for which the trial court rendered judgment in respondent's favor were for money loaned Mr. Whittle and not for salary earned, and that the evidence shows that all sums due respondent at the time of the execution of the deed had been paid, and that the deed should not be established as a mortgage to secure money earned or loaned thereafter. Appellant cites several authorities as to the elements which go to the making up of an account stated and the acts which are sufficient in law to establish an assent thereto. These authorities correctly state the law, the question here being the decision to be entered upon the facts.

Appellant also argues that any acquiescence on the part of Mr. Whittle, which might be held to constitute his agreement to an account stated, occurred after his divorce from appellant, and that, for this reason, the trial court erred in decreeing foreclosure of the lien on the property. In regard to the contention just mentioned, it appeared that Mr. and Mrs. Whittle were divorced in August, 1932, at least two months after respondent left Mr. Whittle's employ.

The trial court heard the evidence as contributed bit by bit by the respective witnesses, knowledge of the decisive facts being limited largely to respondent and appellant George V. Whittle, the latter's son Clifford testifying concerning some matters, although to none

of any special importance. The trial judge was clearly of the opinion that respondent established her case by the preponderance of the evidence. Bearing in mind the fact that appellant was evidently grossly imposed on by her former husband, we have closely scrutinized the record, with the result that we find no reason for reversing the judgment of the trial court.

It is apparent that the account was stated between respondent and Mr. Whittle prior to the entry of the Whittle divorce. We are satisfied that the deed to respondent was given her to secure not only salary due or to become due, but any lawful indebtedness which Mr. Whittle might incur. Appellant testified that she left the entire management of community affairs to her husband, and there can be no doubt but what respondent rendered to the community valuable services, and that she actually advanced to Mr. Whittle the cash which she testified she loaned to him.

Appellant complains because respondent never discussed with her respondent's financial dealings with Mr. Whittle, but appellant never sought information concerning these matters, and it was not respondent's duty to herself open the subject to appellant.

A more detailed discussion of the evidence would greatly prolong this opinion, without particular advantage. We conclude that the evidence preponderates in favor of the decree rendered by the trial court, and the same is accordingly affirmed.

TOLMAN, GERAGHTY, and MAIN, JJ., concur.

STEINERT, J. (dissenting in part)—Upon the record, I am of the opinion that the decree of the trial court should be reversed on the appeal of Mrs. Whittle.