[No. 37225.    Department Two.    September 3, 1964.]

FRANK COSTANZO et al., *Respondents*, v. NORMAN J. HARRIS et al., *Defendants*, SAM LAWRENCE et al., *Appellants.**

*Cook, Flanagan & Berst,* by *Charles G. Flanagan,* for appellants.

*Alf M. Jacobsen,* for respondents.

WEAVER, J.—Defendant Sam Lawrence appeals from a money judgment entered against him in the sum of $4,165.[1]

March 15, 1959, defendants Lawrence and Harris formed a partnership to operate a livestock business to purchase, breed, feed and sell cattle. Defendant Lawrence purchased a substantial number of cattle and certain farm machinery

*Reported in 395 P. (2d) 93.

[1]$175 of the judgment is not challenged. The amount represents the value of a steer belonging to plaintiff.

from plaintiff. May 23, 1959, defendants entered into a written partnership agreement. Basically, it provided that Lawrence was to advance the money to purchase the cattle and Harris was to provide the expense of their care and maintenance and to do the work.

Although a formal finding of fact was not made, the trial court, in its oral opinion, stated that the terms of defendants' partnership agreement did not bind plaintiff ". . . because he was unaware of the terms of that partnership, at least, under the evidence here. Therefore, he [plaintiff] had a right to assume that they [defendants] were partners and would act and be responsible as ordinary partners would, under the law."

The parties discussed a lease and purchase of plaintiff's ranch. Although defendants went into possession of plaintiff's ranch in the spring of 1959, it was not until August 25, 1959, that a lease with an option to purchase was executed. Harris was named as lessee. Defendant Lawrence did not sign the lease, but he participated in its negotiations, paid the rent, and had the right to exercise the option to purchase in the event Harris did not do so.

A large quantity of chopped hay, which is the subject matter of this appeal, was stored on the ranch. The oral understanding concerning the hay is in dispute, but the written lease provided that the hay be "transferred, set-over and sold" to defendant Harris for $20 per ton if he exercised the option to purchase the ranch; otherwise he would have the option to pay for the hay consumed or to replace it.

Defendants' livestock venture was not successful. April 4, 1961, they terminated their partnership. About a month later defendant Harris exercised the option to purchase the ranch. He did not pay for the hay stored thereon.

Plaintiff brought this action against both defendants (1) for conversion of certain property, not material to this appeal (see note 1) and (2) for the value of the hay stored on the ranch in the spring of 1959.

The trial court found that the partnership was unjustly enriched to the extent of 199.5 tons of hay, having a market

value of $3,990, which had been eaten by cattle *owned by the partnership* in the spring of 1959 and during the period between October 1, 1959, and May 1, 1960. The court found that the balance of the hay "had been used or purchased by defendants Harris."

A default judgment had previously been entered against defendant Harris. Only defendant Lawrence appeals from the judgment against him in the sum of $4,165. (See footnote 1.)

■ We find no merit in defendant's first assignment that the court erred when it permitted plaintiff to file an amended complaint at the time of trial. The amended complaint had been served on counsel prior to trial; defendant neither claimed surprise nor asked for a continuance; and an answer was filed forthwith. No prejudice has been demonstrated. *Hendricks v. Hendricks*, 35 Wn. (2d) 139, 211 P. (2d) 715 (1949). The court's discretion was exercised well within the ambit of Rule of Pleading, Practice and Procedure 15(a); RCW Vol. 0.

The remaining assignments of error are directed to findings of fact and conclusions of law. Although there is some conflict in the testimony, we find that the record contains substantial evidence to support the trial court's finding that the partnership was unjustly enriched to the extent of the hay consumed by the partnership cattle.

■ The fact that plaintiff "transferred, set-over and sold" the hay to defendant Harris has no bearing on the question of whether the partnership was unjustly enriched. The fact remains that, to the extent found by the trial court, the hay was consumed by partnership cattle and the partnership was benefited.

Defendant Lawrence seeks to avoid the court's conclusion that the partnership was unjustly enriched by advancing the rule announced in *Alaska Pac. Salmon Co. v. Matthewson*, 3 Wn. (2d) 560, 563, 101 P. (2d) 606 (1940) that

"Where, however, the partners are disclosed and known to a party contracting, and the contract is only signed by one of the partners, who contracts on his own behalf, the other partners are not bound thereby. [citing authorities]"

We have no quarrel with this rule but do not find it apposite. In *Alaska* no benefit was shown to have accrued to the noncontracting partner nor was the doctrine of unjust enrichment involved.

The judgment is affirmed.

OTT, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.