L. R. SATTERFIELD *v.* INTER-OCEAN CASUALTY COMPANY.

(*Knoxville.* September Term, 1928.)

Opinion filed July 22, 1929.

JOHN F. SCOTT, for plaintiff in error.

CHAS. H. SMITH, for defendant in error.

MR. JUSTICE SWIGGART, delivered the opinion of the Court.

This is an action upon a policy of accident and health insurance. The Casualty Company insists that the amount of its liability is reduced by other insurance covering the same loss. The circuit court, a jury having been waived, sustained the contention of the Casualty Company, and on appeal the Court of Appeals reversed the judgment of the circuit court and awarded a recovery for the full amount of the loss, notwithstanding the existence of other insurance. The Casualty Company has filed its petition for the writs of *certiorari* and *supersedeas*.

The material recitations of the policy are those contained in "Part XI," and in section 17 of the Standard Provisions, which are as follows:

"PART XI. This policy is not cancelable by the Company during the period for which the premium has been paid, but this provision shall not be so construed as to prevent termination of the policy at the end of any period for which the premium has not been paid."

"17. If the Insured shall carry with another company, corporation, association or society, other insurance covering the same loss without giving written notice to the Company, then in that case the Company shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the

return of such part of the premium paid as shall exceed the *pro rata* for the indemnity thus determined."

The accident, which is the basis of liability, occurred on October 19, 1927, at 8 P. M. On August 22 the insured had paid the premium, accepted by the Casualty Company, which extended the insurance until November 22, 1927; so that, under the terms of Part XI., above quoted, the Casualty Company had no right of cancellation until November 22, more than thirty days after the date of the accident.

The facts with reference to the other insurance are these. On October 17, 1927, the insured signed an application for a policy of accident and health insurance in the Massachusetts Protective Association, and at the same time paid the agent of that company a first premium. The application contained a provision that the insurance applied for should not be effective until the first premium should be paid in cash, and that it would not cover "any accident occurring before the date of the policy." The receipt delivered to the applicant (the insured under the policy in suit) was on a printed form of the Massachusetts Protective Association, and contained the printed words: "When an application proves acceptable the policy when issued by the Home Office will bear date one day after the application is mailed or delivered to the General Agency Office." The application was mailed on October 18 to the General Agency Office of the Massachusetts Protective Association at Nashville. It was accepted by the Home Office and a policy was issued, bearing date October 21, which was delivered to Satterfield on October 28. A controversy arose between Satterfield and the Massachusetts Protective Association, the former claiming that the policy

should have been dated October 19, the day after the application was mailed to the General Agency Office, as provided in the language above quoted, so as to cover the accident occurring on the evening of that day. It appears that a compromise settlement was effected between Satterfield and the Massachusetts Protective Association, pursuant to which Satterfield was paid $175 for a disability of seven weeks.

No notice of the Massachusetts Protective Association insurance was given by Satterfield to the Inter-Ocean Casualty Company; and it is contended that this fact, under the provisions of section 17 of the "Standard Provisions," reduced the liability of the Casualty Company to the proportion stated in section 17.

In order to test this contention of the Casualty Company, we think it necessary to determine the proper construction and meaning of section 17.

Notwithstanding no right of cancellation was possessed by the Casualty Company on October 19, the date of the accident, since the insurer had postponed its right of cancellation to the end of the period covered by the premium paid, learned counsel for the Casualty Company contend that if written notice of the other insurance had been given by Satterfield, the insurer would have been liable only for the proportion stated in section 17, from the date of the additional insurance until such time as the Casualty Company would again have the right to cancel the policy. It is urged that only by this construction of the contract can the insurer be protected against the fraudulent procuring of excessive insurance by the insured. This contention, when analyzed, is that if notice of the additional insurance had been given, the liability of the insurer would have been re-

duced in the same proportion as if the notice had not been given, until, by accepting a new premium, the insurer should indicate its acquiescence in the additional insurance.

■ This construction of section 17 cannot be sustained. Forfeitures are not favored, and the provisions of policies of insurance, prepared by the insurer, must be given that reasonable construction which is most favorable to the insured. *Laue* v. *Grand Fraternity*, 132 Tenn., 236, 247.; *Life Ins. Co.* v. *Galbraith*, 115 Tenn., 471.

■ Since section 17 provides for a reduction of liability, if written notice of other insurance is not given, and is silent as to the rights of the parties in the event such written notice is given, the necessary and only reasonable inference is that other insurance, of which written notice is given, will work no reduction in the liability of the insurer.

The obvious and only purpose of the provision for notice is that the insurer may have knowledge of the fact of other insurance, and with such knowledge determine whether it will cancel its policy after the expiration of the period for which it has accepted a premium.

The provision of section 17 is for written notice "if the insured shall carry . . . other insurance covering the same loss." The provision does not expressly call for immediate notice, nor does it call for notice of an application made for other insurance. It requires notice if the insured shall "carry" other insurance. A reasonable construction is, therefore, that notice shall be given of the procurement of other insurance covering the same loss within a reasonable time thereafter;

and since, as we construe the contract, no action could have been taken upon notice of the other insurance in the present case, so as to affect the rights of the parties, during the period for which the insured had paid the premium, we are of the opinion that written notice at any time during such premium period would have been a reasonable notice and would have been a compliance with the requirements of section 17.

It follows that we agree with the Court of Appeals that Satterfield was not required by section 17 to give notice to the Casualty Company of the application signed by him on October 17 for insurance in the Massachusetts Protective Association. The application amounted only to an offer on his part to accept a contract of insurance, and did not become binding until it was accepted after the date of the accident, October 19, notice of which acceptance was not received by Satterfield until October 28. On the date of the accident Satterfield could not have known whether his application would be accepted by the Massachusetts Protective Association or not, and, therefore, could not have given notice to the Casualty Company that he was ''carrying'' other insurance covering the same risk. The provision of section 17 did not call for nor require notice until Satterfield received notice that his application had been accepted by the Massachusetts Protective Association.

We are of the opinion, therefore, that the Court of Appeals correctly held that there was no evidence to sustain the judgment of the circuit court, and that the insured was entitled to full recovery.

The petition for *certiorari* is accordingly denied.