[No. 25852. Department Two. May 19, 1936.]

· L. Bruce Hedrick, *Respondent,* v. Washington National Insurance Company, *Appellant.*[1]

*DuPuis & Ferguson,* for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondent.

Main, J.—This action is based upon an accident insurance policy. The defendant denied liability, and the cause was tried to the court without a jury and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover. From the judgment entered against the defendant in the sum of $2,491, it appeals.

The appellant was a corporation organized under the laws of Illinois, and was authorized to do business in this state. Harry A. Wares was the general man-

[1]Reported in 57 P. (2d) 1038.

ager and claim adjuster in charge of the appellant's Seattle office, where the policy in question was written.

October 3, 1929, the respondent made an application for accident insurance, with an indemnity of one hundred dollars per month. The policy which was issued bears the same date as the application. At the time the application for this policy was made, the respondent had a policy of accident insurance with another company, the Aetna, with an indemnity of twenty-five dollars per week, which had been in existence for a number of years. A day or two prior to the time that the respondent applied to the appellant for the policy which is here involved, he had made another application to the Aetna, for accident insurance, with an indemnity of twenty-five dollars per week.

In the application to the appellant, one of the questions was: "Are you insured in any other company, association or society paying accident or sick benefits?" This question was answered as follows: "Aetna Life—25.00 wk. accident."

There was no mention of a policy for which an application had been made to the Aetna and which then had not been delivered. The respondent says that he stated to Wares that such an application had been made, and that the latter said to him to put in only the policy which was in existence. This, Wares denies. The second policy with the Aetna was delivered to the respondent sometime during the latter part of October, 1929.

In January, 1932, the respondent had an accident which affected his eyes. Wares came to his house and there filled out a blank for the indemnity covered by the policy. In this blank, it was recited as follows: "Give all other insurance or benefits: Aetna 50.00 wk." This claim was in Wares' handwriting. He signed the respondent's name to it and initialed it. In

May, 1932, the respondent suffered another and more serious accident, and it is for this injury that the present recovery is sought.

In the application for the indemnity, the respondent recited that he had fifty dollars a week accident indemnity with the Aetna. Wares testified that applications for indemnity, when they were sent to the office, would come to his attention. The respondent paid the indemnity covered by the policy until May 17, 1933. At this time, Wares raised the question with the respondent as to the matter of pro-rating. The policy provided that, if the insured should carry with another company insurance covering

" . . . the same loss without giving written notice to the Company, then in that case the Company shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed the pro rata for the indemnity thus determined."

Thereafter, the appellant continued to bill the respondent for the premiums as they came due until the present action was instituted, and after the action had been begun the appellant tendered into court all of the premium except what it contended was necessary to cover its pro rata share.

It will be observed that the excerpt from the policy quoted provides that, if the insured carries other insurance covering the same loss without giving "written notice" to the company, then the company shall only be liable for such portion of the indemnity promised as the indemnity bears to the total amount of like indemnity in all policies covering such loss. It will be admitted that at no time did the respondent give to the appellant or to Wares, its general manager, formal, written notice, by letter, that he carried the second pol-

icy with the Aetna. The purpose of the provision for notice is that the insurer may have knowledge of the fact of other insurance, and, with such knowledge, determine whether it will cancel its policy or let it continue. *Massachusetts Bonding & Ins. Co. v. Santee,* 62 F. (2d) 724; *Satterfield v. Inter-Ocean Casualty Co.,* 159 Tenn. 531, 19 S. W. (2d) 229.

In this case, that the appellant had knowledge, through its general agent, of the second policy in the Aetna cannot be controverted. Its general manager, for the first accident in 1932, filled out the claim for indemnity in his own handwriting and signed the name of the respondent thereto and initialed it, because the respondent was not at that time, owing to the condition of his eyes, able to write. To hold that the company did not have knowledge of the fifty dollar a week indemnity covered by the two Aetna policies, after the general manager had filled in an application blank in which the fact was expressly recited in his own handwriting, would not be very reasonable. The fact that the respondent did not prepare a formal, written application, as we view the matter, is not of material consequence under the facts of this case.

There is the further contention that the respondent did not comply with another provision of the policy which required that, if the insured was disabled for more than thirty days, he should furnish to the company, every thirty days, a report in writing from his attending physician, stating the condition of the insured and the probable duration of his disability. For a period of a few months during the early part of the year 1934, while the respondent was in California, this provision was not complied with. Wares, the general manager, knew that the respondent was going to California and had his address. Subsequent to the time that the respondent was in California, as the

premiums became due, the appellant continued to bill him for them, and he paid them. Whatever default there was in the requirements of the policy, by failure to make a monthly report while the respondent was in California, was waived by the subsequent acceptance of the premiums. *Millis v. Continental Life Ins. Co.,* 162 Wash. 555, 298 Pac. 739.

It is said further that the trial court erred in permitting the respondent to amend his reply during the trial. This was a matter which rested largely in the discretion of the trial court, and we find no error in this regard.

The judgment will be affirmed.

MILLARD, C. J., BLAKE, BEALS, and HOLCOMB, JJ., concur.